UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| DONNA M. MARCONI,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>    Respondent. | Case No. EDCV 03-1057-JWJ<br><br>**ORDER<br>GRANTING IN PART<br>PETITION FOR<br>ATTORNEY FEES** |

The Court is in receipt of counsel's "Memorandum of Points and Authorities in Support of Counsel's Petition for Attorney Fees Pursuant To 42 USC § 406(b)" (Hereinafter "MPA") filed in this Court on July 19, 2006. On August 11, 2006, defendant filed, "Defendant's Response to Counsel's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b)."

## I. BACKGROUND

Plaintiff's counsel seeks an order setting attorney fees in this Social Security disability action pursuant to 42 U.S.C. § 406(b). Counsel represented plaintiff in the United States District Court on the basis of a retainer

agreement calling for fees of 25% of the retroactive benefits. (MPA, p.5; Decl. Of Bill LaTour, Exh. 1.) The contingency of the entitlement to benefits has occurred. Thus, counsel contends that this Court should order payment of attorney fees in the amount of $14,632.38 with a credit for previously paid EAJA fees of $1,715.00.

## I.  DISCUSSION

**A.   Applicable Law**

An attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a reasonable fee...not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant.[1] 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Id. Since benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not obtain additional fees based on a claimant's continuing entitlement to benefits.

Fee awards may be made under EAJA, as well as 42 U.S.C. § 406(b) ("Section 406(b)".) An EAJA award, however, offsets an award under Section 406(b) so that the total past-due benefits actually received by the claimant is increased by the amount of the EAJA award up to the point where the claimant could potentially obtain one hundred percent of past-due benefits. Gisbrecht

---

[1] For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or fee agreement. 42 U.S.C. § 406(a). In the event of a determination favorable to the claimant, the Commissioner "shall...fix...a reasonable fee" for the attorney's services. Id. § 406(a)(1). As an alternative to fee petitions, an attorney may file a contingency fee agreement with the Agency in advance of a ruling on the claim for benefits. Id. §§ 406(a)(2)-(4). If the ruling is favorable to the claimant, the Agency will generally approve the agreement subject to certain limitations. Id. §§ 406(a)(2)(A)(ii) and (iii).

1 v. Barnhart, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)
2 (citation omitted).

3     In Gisbrecht, the Supreme Court resolved a circuit split in the
4 appropriate method for calculating fees under Section 406(b). Several circuits,
5 including the Ninth Circuit, had followed the "lodestar" method, under which
6 the number of hours reasonably devoted to each case was multiplied by a
7 reasonable hourly rate. Gisbrecht, 535 U.S. at 799 (citations omitted). Other
8 circuits had given effect to an attorney-client contingent-fee agreement if the
9 resulting fees were reasonable. Id. (citations omitted).

10     The Supreme Court evaluated the two approaches and concluded that
11 Section 406(b) (limiting attorney fees to twenty-five percent of past-due
12 benefits) was designed to control, and not displace, contingent fee agreements
13 that are within the statutory ceiling. Id. at 807-09. The Court held that
14 Section 406(b) "calls for court review of such arrangements as an independent
15 check, to assure that they yield reasonable results in particular cases." Id. at
16 807; see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036 (N.D. Cal.
17 2003). In rejecting the lodestar approach, the Court noted that while the
18 lodestar method was used in federal-court adjudication of disputes over the
19 amount of fees properly shifted to the loser in litigation, fee-shifting to a losing
20 party was not relevant in Section 406(b) cases. Gisbrecht, 535 U.S. at 802. As
21 the Court observed, Section 406(b) does not authorize the prevailing party to
22 recover fees from the losing party; rather, it authorizes fees payable from the
23 successful party's recovery. Id.

24     In testing the reasonableness of fees yielded by contingency fee
25 agreements within Section 406(b)'s twenty-five percent ceiling, courts have
26 examined the nature of the representation and the results achieved. Id. At 808.
27 For example, if an attorney is responsible for any delay, his contractual
28 recovery may be reduced to prevent the attorney from profiting from the

1  accumulation of benefits during the pendency of the case in court.  <u>Id.</u>
2  (citation omitted).  Additionally, if the benefits are large in comparison to the
3  amount of time counsel spent on the case, a downward adjustment might be
4  appropriate.  <u>Id.</u>  (citations omitted).  Courts have also recognized that "basing
5  a reasonableness determination on a simply hourly rate basis is inappropriate
6  when an attorney is working pursuant to a reasonable contingency contract for
7  which there runs a substantial risk of loss."  <u>Hearn</u>, 262 F. Supp. 2d at 1037.
8  **B.     Reasonableness**
9         In this case, the sole issue is the reasonableness of the fees requested by
10 counsel.  While plaintiff's counsel acknowledges the EAJA offset, the amount
11 of fees subject to the court's analysis remains the gross fee requested by
12 counsel: $14,632.38.  This fee encompasses 8.75 hours of attorney time and
13 3.5 hours of paralegal time.  (MPA, p. 5.)  The Court is not satisfied that the
14 fee sought is reasonable.
15        Counsel has been practicing Social Security law as an attorney since
16 1995 and also has a Ph.D. in Clinical Psychology.  (Decl. of Bill LaTour, p.
17 18.)  Counsel successfully obtained past-due benefits approximating
18 $58,529.50 on behalf of plaintiff.  (MPA, p. 5).    While the character of the
19 representation in this case was not substandard and the results of the
20 representation were in plaintiff's favor, those factors do not support the
21 reasonableness of the fee proposed.
22         Counsel contends that the proposed fee is reasonable because of
23 counsel's experience, skill, and expertise that enabled counsel to "convince" the
24 United States Magistrate Judge to reverse and remand this case back to the
25 Administrative Law Judge, which ultimately resulted in a favorable decision.
26 (MPA, p. 9.)  However, this case was remanded under sentence four of 42
27 U.S.C. § 405(g) pursuant to a joint stipulation of the parties.  (MPA, Exh. 2, p.
28 1.)  In addition, the amount of time actually spent on this case does not

1 support the reasonableness of the fee proposed.  Counsel states, "My law firm
2 files a significant part of the Social Security disability actions referred from
3 other law firms that either do not practice before the court or have very limited
4 practices before the court."  (Decl. of Bill LaTour, p. 17.)  Arguably, counsel's
5 "expertise" has enabled him to handle the appeal of cases like this
6 expeditiously; however, it appears this case warranted only 8.75 hours of his
7 time because it did not involve particularly complex or dissimilar issues to
8 other Title II disability cases.

9      As of April 19, 2004, in "Petition for Attorney Fees and Expenses Under
10 the Equal Access to Justice Act," counsel indicated that attorneys in counsel's
11 firm bill $250.00 per hour and paralegal time is billed at $115.00 per hour.
12 (MPA, Exh. 3, p. 1.)  Counsel further indicates that as of *The 2000 Small Law*
13 *Firm Economic Survey*, the upper 10% of average hourly rates in 2000 was $336
14 for proprietors, $250 for associates, and $120 for paralegal time.   (MPA, Exh.
15 6., p. 1.)  Based on a 7.4% inflation rate since January 2000, counsel asserts
16 that the Court should look at fees "generally based on the ninth decile of $360
17 per hour for proprietor time, $268 per hour for associate time, and $128 per
18 hour for paralegal time where the past due benefits would support such a fee."
19 (MPA, p. 8.)  Under these proposed rates, counsel would be entitled to
20 $3,598.00  (8.75 x $360 + 3.5 x $128 = $3,598.)  Counsel argues that the
21 amount proposed in excess of this rate calculation would reasonably account
22 for counsel's expertise, contingency, the result of representation, chance of loss,
23 and delay in payment.  (MPA, p. 14.)

24      The rates generally charged by counsel, the expertise of counsel, and the
25 risk inherent in contingency cases do not justify the large disparity between the
26 time invested in this case and the gross fee proposed of $14,632.38.  The
27 Court finds that this fee is grossly unreasonable under the Gisbrecht analysis.
28 The $5,300.00 fee amount ostensibly approved by the Social Security

- 5 -

Administration expressly for attorney's fees is more than reasonable total compensation for the amount of hours worked, the results of the representation, and the risk borne by counsel in this case. This payment would effectively exceed a $554.00 per hour rate for the attorney time expended in this case. Thus, a net amount of $3,585.00 would be due counsel after offset of the EAJA fees ($1,715.00) previously paid.

## ORDER

For all of the foregoing reasons, **IT IS HEREBY ORDERED AS FOLLOWS:**

Counsel's Petition for Attorney Fees is **GRANTED IN PART**. Plaintiff's counsel is awarded a gross fee of $5,300.00, which after offset of the $1,715.00 previously paid under the EAJA, requires a net payment to plaintiff's counsel of $3,585.00.

DATED: February 21, 2007

/s/
JEFFREY W. JOHNSON
United States Magistrate Judge